[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband, 44, has begun this action against the defendant wife, 42, seeking to dissolve their marriage that occurred on July 19, 1969 in Waterbury, Connecticut. The plaintiff has resided in Connecticut for more than one year before commencing this action on April 1, 1992. There is one minor child issue of the marriage, Christopher, born August 4, 1975. The court entered a judgment dissolving the marriage on March 23, 1993 on the ground of irretrievable breakdown, financial orders reserved until now. As part of the judgment, the court enters the orders infra.
First, a review of the parties' marriage is necessary. The plaintiff has been employed as a tool and die machinist since high school. He worked for the Farrel Co. when he married, then for Torrington Co. for 13 years until it closed. He then worked for B B Tool Die for five (5) years until it closed. The household budget was managed by the defendant to whom the plaintiff gave 50% of his earnings for a budget allowance, keeping the balance of his earnings in his separate savings account. Only after a hiatus in the trial was the plaintiff able to return to the witness stand a month later with a plausible explanation of his handling of this fund.
The plaintiff closed his savings account in March 27, 1992 (Defendant's Exhibit #3). The plaintiff claimed he paid a twenty year old loan made by his parents for $3,000. He claimed he needed the money to pay bills. He actually gave $10,000 to his mother to hold for him, to which he had access, (Plaintiff's Exhibit B). He shuffled money about, (Defendant's Exhibit #3). He opened a new account in June, 1992 (Defendant's Exhibit #5).
The defendant was employed at Timex when married. At 26 she had an ileostomy and since then there have been three more operations. The defendant struggled with the household budget CT Page 5055 and, rather than face the plaintiff, resorted to charging items when cash ran short. The court concludes that the plaintiff was thrifty to the point of being penurious.
The defendant has worked as a school bus driver for 13 years. She has also worked part-time for Caldors. The defendant obtained the training to qualify for a hairdressing license in 1991 but has been unable to make use of these skills due to her timidity. The plaintiff demonstrates a substantially greater earning capacity and skills which enable him to remain gainfully employed despite the business failures of his erstwhile employers.
The court orders:
1. Sole custody of the minor child is awarded to the defendant. Reasonable visitation rights are awarded to the plaintiff.
2. The plaintiff is ordered to pay weekly child support of $140 to the plaintiff. A wage withholding order is hereby entered.
3. The plaintiff shall continue to insure the minor son on all available medical insurance coverages through his employer until the child is of majority. The parties shall bear equally any uninsured bill balances incurred for the care of the minor's health. The provisions of 46b-84(c), Connecticut General Statutes are incorporated herein.
4. The plaintiff shall pay the sum of $100 weekly to the defendant as periodic alimony, to terminate upon the defendant's death or remarriage.[1] A wage withholding is ordered.
5. The plaintiff is awarded the 1984 Buick LeSabre as his sole property.
6. The defendant is awarded the 1985 Nissan truck as her sole property.
7. The real estate known as 224 Thistle Lane, Southington is ordered sold. The defendant may, by written election served on the plaintiff, defer the listing for sale until July 1, 1994, providing she shall be solely responsible for the taxes due, prorated for her months of occupancy beginning July 1, 1993, and, in like fashion, for the homeowners insurance premium. The CT Page 5056 defendant may terminate her possession at any time prior to the actual sale, whereupon the parties shall then carry the property expenses equally. During her exclusive occupancy, any repairs exceeding $200 shall be submitted to the plaintiff. Upon agreement or court order the parties shall each pay 50% of any repair over said limit. Repairs under the limit, maintenance, utility and heat shall all be paid by the defendant during her occupancy. Either party may move the court for further articulation of this order as to listing, broker, sale price, or any other related term if the parties are unable to agree. Upon sale, the net proceeds shall be divided 60% to the defendant and 40% to the plaintiff.
8. The defendant is awarded the contents of the home as her sole property.
9. The plaintiff is ordered to assume and pay the Roffler Academy loan and to hold the defendant harmless and indemnified. The plaintiff shall be solely responsible for the real estate taxes which have accumulated as due or overdue for the period through June 30, 1993. He shall also pay the other two bills listed in his affidavit.
10. The defendant shall be solely responsible for the Visa, G.E. Credit, J.C. Penney, Lerner Shops, Fashion Bug, G. Fox, D L and the medical liabilities all as listed on her financial affidavit.
11. The parties shall each pay 50% of the remaining attorney's bill incurred for representation of their son.
12. The plaintiff is ordered to pay $6,500 to the defendant as lump sum alimony within 90 days of date representing the defendant's share of the savings in #66-500118 American Savings Bank, (Defendant's Exhibit B).
13. The parties shall pay their respective legal expenses.
The attorney for the plaintiff shall prepare the judgment file.
HARRIGAN, J.